**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| JOHNNY RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND<br>SERVICES CORP.<br><br><br>Defendant, | **Civil Action No: 5:24-CV-00474**<br><br><br>**AMENDED COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff JOHNNY RODRIGUEZ ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Amended Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. ("First Advantage" or "Defendant"), and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action under 15 U.S.C § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because Plaintiff resides here and the events giving rise to this claim

originated here.

## PARTIES AND SERVICE

### Plaintiff Johnny Rodriguez

4.      Plaintiff is a resident of Bexar County, Texas, which is located in this district.

5.      At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

### Defendant First Advantage Background Services Corp.

6.      Defendant First Advantage is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant may be served with process upon CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCO., its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7.      At all times material hereto, Defendant is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of publishing consumer reports as said term is defined under 15 U.S.C. § 1681d, to third parties.

8.      Among other things, Defendant sells background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9.      In November 2023, Plaintiff applied for an employment opportunity with United Parcel Service, Inc. ("UPS") as a Seasonal Helper (the "Job").

10.     In November 2023, Plaintiff was offered the Job contingent on Plaintiff passing his background check ordered through Defendant First Advantage.

11.     Shortly after, UPS requested a background check on Plaintiff from Defendant First

Advantage.

12.   At some time better known to Defendant First Advantage, First Advantage published Plaintiff's background check (the "Report") to UPS.

13.   Defendant First Advantage falsely and erroneously published in the Background Report that Plaintiff was convicted of felony aggravated robbery (the "Felony") on November 15, 2021, in Dallas County, Texas.

14.   Plaintiff has never been arrested or convicted of the Felony crime, nor does he have any criminal history.

15.   The Dallas County court records indicate that an individual with the same first and last name as Plaintiff was convicted of the Felony.

16.   The individual implicated by the Dallas County court records of being convicted of the Felony has the middle name Noel, whereas Plaintiff has the middle name Steven.

17.   The Dallas County court records indicate that the individual convicted of the Felony was sentenced to confinement for five years beginning March 1, 2024.

18.   The Report lists another individual named Johnny Rodriguez.

19.   Defendant falsely or erroneously published another individual's criminal history to Plaintiff's Report, and subsequently disseminated the misleading Report to the Job.

20.   Plaintiff's employment with UPS was dependent on Defendant First Advantage maintaining of reasonable procedures to assure maximum accuracy of the information used in preparation of the Report.

21.   The false, erroneous, and defaming publication of Plaintiff as a violent felon is objectively likely to mislead the intended users of Plaintiff's Report.

22.   Defendant First Advantage failed to notify Plaintiff of potentially adverse information

published in the Report, and failed to maintain up-to-date, complete, and accurate information utilized in the preparation of the Report.

23.    Shortly after the publication of the Report, UPS rescinded its employment offer, and cited the false or erred criminal history published to the Report as reasoning for the denial.

24.    Because of the erroneous information published by Defendant First Advantage on the Report, Plaintiff continues to suffer a range of actual damages including, without limitation, fear of loss of employment opportunities; actual loss of employment opportunities; inability to obtain employment; loss of internship opportunities; loss of wages and benefits; loss of time and money trying to correct his background check report; damage to his reputation; loss of sleep; lasting psychological damages; loss of capacity for enjoyment of life; and emotional distress including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

25.    Defendant First Advantage violated several provisions of the FCRA when they either willfully or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Report and failed to notify Plaintiff of potentially adverse information contained in the Report.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage**

26.    Plaintiff re-alleges and incorporates by reference all the allegations set forth in the preceding paragraphs as if fully stated at length herein.

27.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

28.    Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include, but are not necessarily limited to the following:

      a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

b.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

c.   The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

29.   As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; fear of loss of employment opportunities; actual loss of employment opportunities; inability to obtain employment; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

30.   Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

31.   Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
**Violation of the Fair Credit Reporting Act**
**Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage**

32.   Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

33.   This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

34.    Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

b.    The failure to note in the consumer report that Plaintiff disputed the accuracy of the information;

c.    The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

35.    As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; fear of loss of employment opportunities; fear of loss of academic status; actual loss of employment opportunities; inability to obtain employment; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

36.    Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

37.    Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681k as to Defendant First Advantage**

38.    Plaintiff re-alleges and incorporates by reference all the allegations set forth in the

precedent paragraphs as if fully stated at length herein.

39.     This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

40.     Defendant has negligently failed to comply with the FCRA. The failures of Defendant to comply with the FCRA include but are not limited to the following:

      a.  The failure to notify Plaintiff of potentially adverse information furnished on the background check consumer report published by Defendant;

      b.  The failure to maintain up-to-date, complete, and accurate information utilized in preparation of the background check consumer report.

41.     As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

42.     Defendant violated 15 U.S.C. § 1681k in that its conduct, actions, an inaction were negligent, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

43.     Plaintiff is entitled to recover reasonable costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 168lo.

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681k as to Defendant First Advantage**

44.    Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

45.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

46.    Defendant has willfully failed to comply with the FCRA. The failures of Defendant to comply with the FCRA include but are not limited to the following:

   a.  The failure to notify Plaintiff of potentially adverse information furnished on the background check consumer report published by Defendant;

   b.  The failure to maintain up-to-date, complete, and accurate information utilized in preparation of the background check consumer report.

47.    As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; damage to his reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

48.    Defendant violated 15 U.S.C. § 1681k in that its conduct, actions, an inaction were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49.    Plaintiff is entitled to recover reasonable costs and attorney's fees from in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

## DEMAND FOR A TRIAL BY JURY

50.     Plaintiff requests a jury trial on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1.  Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant First Advantage;

2.  Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage;

3.  Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage; and

4.  Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: June 11, 2024                                     Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Stephen Jones*
**Stephen Jones**
State Bar No.: 24094760
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Road, Suite 580
Dallas, Texas, 75240
Phone: (214) 945-0000
Fax:    (888) 509- 3910
E-mail: stephen@jaffer.law
***Attorneys for Plaintiff***